TRUSTEES OF MACALESTER COLLEGE and Another v. GEORGE W. NESBITT.[1]

June 4, 1896.

Nos. 9987—(106).

**Pleading—Denial of Knowledge or Information—Negative Pregnant.**
A reply in these words, the plaintiff "denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in said answer," *held* sufficient, where the objection to it was first made after trial and verdict.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial, after verdict in favor of plaintiffs for $901.35. Affirmed.

*Savage & Purdy* and *G. W. Nesbitt*, for appellant.
*Keith, Evans, Thompson & Fairchild*, for respondents.

START, C. J. The plaintiffs brought this action to recover from the defendant upon a contract made by him to pay to them the amount of two certain promissory notes signed by a third party. The answer alleges that the defendant, by the fraud of the plaintiff Page, was induced to enter into the contract. The plaintiffs made separate replies. The plaintiff Page, in his reply, denied each and every allegation contained in the answer, and each and every part thereof. The reply of the trustees of Macalester College, so far as here material, "denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in said answer." On the trial the plaintiffs proved the contract declared upon and a breach thereof. The defendant offered no evidence, and the trial court instructed the jury to return a verdict for the plaintiffs, and the defendant appeals from an order denying his motion for a new trial.

The defendant claims that the reply of the trustees is defective, in that it does not deny any knowledge or information sufficient to form a belief as to the truth of any or of all of the allegations of the answer; hence, the allegations of the answer were admitted.

[1] Reported in 67 N. W. 652.
65 M.—2

It may be conceded that, if we are to divide "a hair 'twixt south and southwest side," as some courts have done, the denial is technically bad; but, if the attention of the trial judge had been called to the matter, he would have permitted an amendment as a matter of course; for no lawyer with any respect for himself would claim that he was misled, or that he understood, from the reply, that the allegations of the answer were admitted. No such claim is made by counsel for the defendant. The purpose of the pleader, by this reply to put in issue the new matter set up in the answer, is perfectly manifest; and the objection that the reply is technically insufficient is made by the defendant for the first time in this court. The objection comes too late. We hold the reply sufficient as against any objections to it made for the first time after the trial and verdict.

Order affirmed.